UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 03-93-75(2) (PAM)

                Plaintiff,

v.                                                           **MEMORANDUM AND ORDER**

Alphonso Prince,

                Defendant.

---

This matter is before the Court on Defendant Alphonso Prince's Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582. For the following reasons, the Court denies the Motion.

**BACKGROUND**

In October 1993, a jury convicted Defendant on federal drug and firearms charges. In April 1994, the Court sentenced Defendant to 322 months imprisonment. Defendant appealed his conviction and sentence, which were affirmed. In April 1996, Defendant filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255. The Court granted the motion in part, vacating two convictions under 18 U.S.C. § 924(c)(1), and resentencing Defendant on two drug trafficking convictions under 21 U.S.C. § 841 and § 846.[1] In resentencing Defendant, the Court applied U.S.S.G. § 2D1.1(b)(1) to increase the base offense level by two levels because Defendant possessed a firearm in connection with the drug trafficking crimes. On February 14, 2001, Defendant moved for a modification of his

---

[1] Defendant's conviction pursuant to 18 U.S.C. § 922(g) for being a felon in possession of a firearm was not at issue.

sentence under 18 U.S.C. § 3582, which the Court denied. On August 20, 2001, the Eighth Circuit denied Defendant's petition to file a successive habeas application. Defendant again filed a § 2255 motion in January 2006, which the Court denied because Defendant did not receive authorization to bring a second or successive § 2255 motion.

**DISCUSSION**

Defendant now moves for a modification of his sentence based on 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Specifically, Defendant claims that the enhancement imposed by the Court at resentencing under U.S.S.G. § 2D1.1(b)(1) constituted impermissible double counting because he was convicted of being a felon in possession of the same firearm used to enhance his sentence. The purported change by the Sentencing Commission occurred in 2000 with the promulgation of Amendment 599, which revised the commentary to U.S.S.G. § 2K2.4.

The Court finds Defendant's request for a modification of his sentence without merit for several reasons. First, Amendment 599 is simply not applicable. The Court did not apply an enhancement under U.S.S.G. § 2K2.4; the Court employed § 2D1.1(b)(1), which was not affected by Amendment 599. See United States v. Johnson, 122 F. App'x 859, 861 (7th Cir.

2005). Similarly, Amendment 599 applies only to convictions under § 924(c), United States v. Friend, 303 F.3d 921, 922 (8th Cir. 2002), and Defendant's § 924(c) convictions were vacated.

Second, Defendant's sentence for the felon-in-possession conviction under 18 U.S.C. § 922(g) is concurrent to his sentences for drug trafficking under 21 U.S.C. § 841 and § 846, and thus "avoids any problem" of double counting. See Johnson, 122 F. App'x at 861. Finally, the Eighth Circuit Court of Appeals has conclusively stated, "[i]n calculating a defendant's offense level for a drug conviction, it does not constitute impermissible double-counting to apply a § 2D1.1(b)(1) enhancement, even though the defendant has also been convicted under § 922(g)(1) for possessing the same firearm." United States v. Pierce, 388 F.3d 1136, 1138-39 (8th Cir. 2004).

**CONCLUSION**

There are no grounds warranting a reduction of Defendant's sentence under 18 U.S.C. § 3582. Accordingly, **IT IS HEREBY ORDERED** that his Motion for Modification of Sentence (Docket No. 208) is **DENIED**.

Dated: November 28, 2006

                                                s/ Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge